## Jennings *v.* Summers *et al.*

If the garnishee state in his answer that he is indebted to the defendant in the execution, judgment should be rendered against him for the amount of such indebtedness. But if he state that he has effects of such defendant in his hands, and surrende them, he is entitled to his discharge.

Where the garnishee answered that he was indebted so much in certain bank notes, a judgment for money was reversed, with directions that the garnishee should be discharged, on surrendering the bank notes; but if he failed to deliver them, then a judgment against him for their value at the time they were received by him. .

The garnishee is entitled to judgment for his costs for attendance.

IN ERROR from the circuit court of the county of Hinds.

Franklin H. Jennings was summoned as a garnishee by Summers & Watt upon an execution which they had issued upon a judgment recovered against John. H. Jones. The garnishee answered that he had received as trustee a certain sum in the notes of the Mississippi and Alabama Railroad and Banking Company, with the approbation of Jones and all other parties, and that he still had on hand three hundred and thirty-one dollars and forty-six cents, "which last sum he was ready to produce in court or pay when legally to be protected by adjudications on the conflicting claims on said fund." Garnishee claimed costs, &c.

Upon the coming in of the answer the court below rendered the following judgment: "And F. H. Jennings, who was summoned as garnishee of the defendant, J. H. Jones, comes into court at May term of our circuit court, 1839, and answereth, that he is indebted to the defendant in a balance of three hundred and thirty-one dollars and forty-six cents. It is therefore considered by the court that the plaintiff recover of said garnishee the sum

of three hundred and thirty-one dollars and forty-six cents, the sum answered to be indebted to the defendant Jones, as aforesaid, and also costs to be taxed against the plaintiff."

The garnishee, Jennings, prosecuted his writ of error to reverse this judgment.

D. C. Briggs for plaintiff in error.

1. Jennings was sought to be charged as a debtor to, &c., of John H. Jones, against whom Summers & Watt had obtained a profitless judgment, under the act of 1827. This is a mode of substituting Summers & Watt in the place of John H. Jones, and of course they can enjoy and possess the rights of said Jones as against F. H. Jennings, garnishee and plaintiff in error in this cause.

2. The facts are obtained by means of the answer of F. H. Jennings, garnishee.

3. Jennings's answer as garnishee, was not stricken out, demurred to, or otherwise objected to; but admitted to be good and true. The judgment in favor of the said Summers & Watt, defendants in error here, upon the answer of the plaintiff in error, Jennings, and the chief question for adjudication is, did the answer authorize a judgment for specie, (dollars,) when it admitted only the possession of Mississippi and Alabama Railroad paper submitted to the disposal of the court below? Jennings insists that it did not. Being bound to adhere to the answer, it should have been for so much money, payable in paper of the said company, or if such paper in the hands of Jennings were considered effects, goods or chattels, then a surrender should have been ordered to the sheriff for sale. Or, lastly, a writ of inquiry awarded with a view to resolving the Brandon money into dollars, and giving judgment for the ascertained nett sum. Under either view of the duty and power of the court below, the judgment as given was improper and illegal. We submit, as counsel, that the court, however, could have pursued properly one of the two courses first mentioned.

4. There was no allowance made Jennings as garnishee in the court below.

Jennings *v.* Summers *et al.*

DABNEY for defendant in error.

The answer of the garnishee is obscure, in not stating the interest of John H. Jones in the fund, and in introducing the suit of Houze without stating its connection with the matter in controversy. He is understood, however, to admit that he has three hundred and thirty-one dollars and forty-six cents, the amount for which the judgment was rendered, liable to an attaching creditor of Jones.

The circuit court could not do otherwise than render the judgment that it did. The answer was imperfect, insufficient for the purpose of the garnishee, if he wished the judgment to be payable in Brandon Bank notes, because he has not stated that he kept the same fund for which the property was sold, to pay out to those entitled. He states that he received money current at the time, and may have spent it, for any thing that appears in his answer. The plaintiffs below could not make the garnishee perfect his answer. The statute does not provide for a demurrer, nor even for an exception. An issue may be tendered on the truth of the statements; but in this case the plaintiffs are presumed to have admitted their truth. There seems no protection for their interests, except under the rule that "pleadings shall be construed most strongly against him that pleads them;" a rule that leads to the conclusion that, inasmuch as the garnishee has not stated that he had retained the same funds which he received, he is presumed not to have retained them.

The garnishee asks the protection of the court against the conflicting claims of other persons. But it does not appear who are the other claimants, or that there are any. All seem, by his exhibition of payments, to have been satisfied before, unless it was intended to represent Houze as a claimant of this fund, which is certainly not done intelligibly. It seems to be the same suit twice mentioned in the answer.

The claim for an allowance by the court might have been right, if any account had been exhibited for allowance. But such an answer, without any definite demand, did not enable the court to decide what should be allowed as reasonable. It must be supposed that he deducted his commissions before balance struck.

Jennings *v.* Summers *et al.*

Mr. Justice CLAYTON delivered the opinion of the court.

The plaintiff in error was summoned as a garnishee by the defendants in error, upon an execution which they had issued against John H. Jones.

The garnishee answered that he had in his hands three hundred and thirty-one dollars and forty-six cents, in notes of the Mississippi and Alabama Railroad Company, belonging to said Jones, which he offered to bring into court and surrender or pay as the court might direct. Upon this answer the court gave judgment against the garnishee for three hundred and thirty-one dollars and forty-six cents, which is of course to be paid in legal currency. This is alleged to be·error, and the case is brought up for correction upon that ground.

By the statute regulating proceedings against garnishees summoned under process of execution, if the garnishee state that he is indebted to the defendant in execution, judgment may be entered against him for the amount of such indebtedness. But if he state that he has effects of such defendant in his hands, and surrenders the effects, he is entitled to his discharge, and the sheriff is directed to sell them as if levied on by the execution. Here the garnishee did not admit that he was indebted to the defendant, unless in notes of the Brandon Bank, and these he offered to surrender. The answer is not very distinct, and it does not very clearly state whether he admits any indebtedness, or states that he holds these Brandon notes as the effects of the defendant Jones. We do not think this to be material, for in either event, upon tendering the notes in court, he was entitled to his discharge, if the answer was not controverted.

The judgment must be reversed and the cause remanded. If the defendant deliver up the notes of the Mississippi and Alabama Railroad bank, he will be discharged. If he fail to do so, the value of the notes at the time when received by him must be ascertained, and judgment rendered against him for that amount. He is entitled to satisfaction for his attendance. See How. & Hut. 558.

Judgment reversed.